**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arline Vazquez, | No. CV-22-01720-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Ryan Johnson, et al., | |
| Defendants. | |

Plaintiff Arline Vazquez moves for an Award of Attorneys' Fees pursuant to LRCiv 54(b)(2). (Doc. 34 at 1.) For the following reasons, the Court grants the motion with modifications.

**I.    BACKGROUND**

From approximately September 1, 2022 to September 17, 2022, Vazquez worked as a babysitter for Defendants Ryan and Lovena Johnson. (Doc. 1 at 5.) On October 7, 2022, Vazquez filed her complaint seeking relief for unpaid wages under the Fair Labor Standards Act ("FLSA"), the Arizona Minimum Wage Act, and the Arizona Wage Act. (*Id.* at 10.) Defendants were served on October 11, 2022. (Docs. 7−8.) Defendants failed to answer by the November 1, 2022 deadline. Thereafter, on November 3, 2022, the Clerk of the Court entered default against Defendants. (Doc. 10.) Plaintiff then moved for default judgment. (Doc. 11.)

On November 10, 2022, Ryan Johnson filed an answer but did not request to set aside the Clerk of Court's entry of default. (*Id.*) Plaintiff then moved to strike the tardy

answer. (Doc. 14.) After holding oral argument, the Court granted Plaintiff's Motion for Default Judgment and dismissed Plaintiff's Motion to Strike as moot. (Doc. 27.) Following this, Plaintiff filed the instant Motion for Award of Attorneys' Fees totaling $16,445.00. (Doc. 34 at 15.) This request includes $13,884.00 for Plaintiff's Counsel's billed hours, $561.00 for out-of-pocket costs, and $2,000 for anticipated costs incurred in collecting on the judgment and the fee award. (*Id.* at 6.) Defendants have not responded to this Motion.

## II.    LEGAL STANDARD

The FLSA requires that the Court award the prevailing party reasonable attorneys' fees.* Before the Court awards attorneys' fees, it must determine the prevailing party and whether the requested attorneys' fees are reasonable. LRCiv 54.2(c); *McGlothlin v. ASI Cap. Ventures LLC*, No. CV-19-04895-PHX-DJH, 2021 WL 857367, at *1 (D. Ariz. Mar. 8, 2021) (finding that a "party seeking an award of attorney's fees must show it is eligible and entitled to an award[,]that the amount sought is reasonable" and that "[t]o be entitled to an award, Plaintiff must have prevailed . . .").

"District courts must calculate awards for attorneys' fees using the lodestar method." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 (9th Cir. 2001). "Under this approach, a 'presumptively reasonable' fee award 'is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Coe v. Hirsch*, No. CV-21-00478-PHX-SMM (MTM), 2022 WL 508841, at *1 (D. Ariz. Jan. 21, 2022) (quoting *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 982 (9th Cir. 2008)). While in most cases the lodestar is "presumptively reasonable," the Court may adjust the lodestar amount to account for the factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). Those factors include:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary

---

* Plaintiff also asserted that she is owed reasonable attorneys' fees under Arizona law. The Court finds the FLSA to be a sufficient basis on which to award fees and, therefore, does not consider the state-law based request.

- 2 -

>fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Id.*; *see also* LRCiv. 54.2(c)(3).

### III.   DISCUSSION

#### A.   Eligibility for and Entitlement to Attorneys' Fees

For purposes of the FLSA, the prevailing party is the one that "succeed[ed] on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978)); *see also Haworth v. State of Nev.*, 56 F.3d 1048, 1052 (9th Cir. 1995) (applying the *Hensley* standard to an analysis of whether the plaintiff is the prevailing party in an FLSA case). Courts in this district have held that where the filing of an action causes a defendant to pay unpaid wages, the plaintiff becomes the prevailing party and is thus entitled to fees. *Orozco v. Borenstein*, No. CV-11-02305-PHX-FJM, 2013 WL 4543836, at *2 (D. Ariz. Aug. 18, 2013). Here, Plaintiff succeeded on a significant issue and achieved a benefit when the Court entered default judgment. (Doc. 27.) Thus, Plaintiff is eligible and entitled to receive reasonable attorneys' fees. *See* 29 U.S.C. § 216(b).

#### B.   Reasonableness of Requested Attorneys' Fees

##### 1.   Time and Labor Required

Plaintiff requests an award of $16,445.00. (Doc. 34 at 15.) This request includes a lodestar of $13,884.00 represented by 31.2 hours billed at $445 an hour. (Doc. 34-7 at 2–3.) Additionally, it includes $561.00 for out-of-pocket costs and $2,000 for anticipated costs incurred in collecting on the judgment. (Doc. 34 at 6.) In demonstrating a rate's reasonableness, "[t]he party seeking an award of attorneys' fees bears the burden of

demonstrating that the rates requested are 'in line with the prevailing market rate of the relevant community.'" *Gary v. Carbon Cycle Arizona LLC*, 398 F. Supp. 3d 468, 485 (D. Ariz. 2019) (quoting *Carson v. Billings Police Dep't.*, 470 F.3d 889, 891 (9th Cir. 2006)). "[T]he relevant community is the forum in which the district court sits." *Camacho*, 523 F.3d at 979.

While Counsel charged an hourly rate of $445 (Doc. 34 at 4), the Court finds an hourly fee in the range of $300 to $400 to be more reasonable in this market. *See Coe*, 2022 WL 508841, at *1 (awarding attorneys' fees at a rate of $378.75 per hour in an FLSA case). Plaintiff cites cases finding that an hourly rate of $445 is reasonable. (*See* Doc. 34 at 4 (citing *Berry v. Fun Time Pool & Spa, Inc.*, No. CV-20-01610, 2020 WL 4784654, at *2 (S.D. Ohio Aug. 18, 2020); *Strickling v. Harvard Gas Mart, Inc.*, No. CV-20-01129, 2021 WL 4777418, at *2 (N.D. Ohio June 10, 2021).) But Ohio is not the relevant forum, and the cases Plaintiff cites to in this district have determined a range of $350 to $395 as reasonable. (*See Id.* at 5 (citing *Guzman v. Veraz Servs. LLC*, No. CV-22-00507-PHX-SMB, 2022 WL 16640671, at *2 (D. Ariz. Oct. 31, 2022) (awarding an hourly rate of $395 to Clifford P. Bendau, II on a contested application for attorneys' fees and costs).); *see also Hetland v. Hirsch*, No. CV-21-00487-PHX-MTL, 2022 WL 2953064 (D. Ariz. July 26, 2022) (awarding an hourly rate of $378.75 to Clifford P. Bendau, II). In line with this precedent, the Court will discount Counsel's rate to $378.75.

Next, the Court considers whether a reasonable number of hours were expended by Counsel. *Coe*, 2022 WL 508841, at *1. In so doing, the Court excludes any fees incurred for clerical and administrative tasks. *See Gary*, 398 F. Supp. 3d at 487. Counsel represents that this case required 31.2 hours. (Doc 34 at 6.) But upon review of Counsel's time sheet, the Court finds that Counsel billed for clerical and administrative tasks. The Court therefore deducts the following hours:

> 0.1 hours on November 27, 2022 for "[s]end representation agreement."
> 0.2 hours on November 27, 2022 for "[r]eceive representation agreement, set up file."

>0.1 hours on October 6, 2022 for "[s]end complaint to client for review and signature."
>
>0.1 hours on October 11, 2022 for "[s]end documents to process server."
>
>0.1 hours on November 2, 2022 for "[f]ile service executed."
>
>0.1 hours on November 11, 2022 for "[s]end motion to chambers and to Defendant R. Johnson."
>
>0.1 hours on March 24, 2023 for "[r]ecieve order granting motion for extension."

(Doc. 34 at 2–3.) After deducting these entries, the Court finds that 30.4 hours reflects the reasonable amount of time spent on this matter. The revised total of Counsel's billing hours is $11,514.00 (reflecting 30.4 hours billed at $378.75).

### 2. Novelty and Difficulty

The Court finds this case did not present any novel or difficult issues. *See Verduzco v. Value Dental Ctrs. Mesa W. AZ LLC*, No. CV-20-02380-PHX-DJH, 2022 WL 2718163, at *2 (D. Ariz. July 12, 2022) (finding that an Arizona minimum wage claim did not present any novel or difficult issues).

### 3. Requisite Skill

The Court finds that it takes a "moderate amount of skill to litigate FLSA cases." *Id.* While Counsel avers the legal issues raised by this FLSA action were "sophisticated and required extensive knowledge of the law[,]" he also admits that the action had a "straightforward nature." (Doc. 34 at 8.) On balance, this case required a moderate amount of requisite skill.

### 4. Preclusion of Other Employment

Counsel avers that he was not precluded from other employment because of this representation beyond those normally incurred when accepting and litigating a case. (*Id.*)

### 5. Customary Fee

The Court has previously outlined this factor in the above analysis.

### 6. Experience, Reputation and Ability of the Attorneys

According to Counsel, his practice area remains exclusively within employment wage litigation, primarily under the FLSA. (*Id.* at 11.) He has practiced law since 2012 and has litigated more than 400 lawsuits. (*Id.*)

### 7. Fixed or Contingent Fee

Counsel worked on a contingency basis, requiring forty percent of the total recovery. (Doc. 34-1 at 2.)

### 8. Time Limitations

Counsel indicates that there were no time limitations imposed by Plaintiff or by the circumstances. *See Pozez v. Ethanol Cap. Mgmt. LLC*, No. CV-07-00319-TUC-CKJ, 2013 WL 12095669, at *4 (D. Ariz. July 15, 2013) (granting plaintiff's attorneys' fees even where there were no time limitations imposed).

### 9. Amount Involved and Results Obtained

"Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee . . . ." *Hensley*, 461 U.S. at 435–36. Here, Plaintiff received $1,842.42 accounting for all her estimated unpaid minimum wages. (Doc. 27 at 2.) The Court therefore finds Plaintiff obtained excellent results.

### 10. Case's Undesirability

Counsel does not label this case as particularly undesirable, but notes the inherent risk involved with contingency fee cases. (Doc. 34 at 10.)

### 11. Nature and Length of Relationship with the Client

Before the case at hand, Counsel had not represented Plaintiff. (*Id.* at 12.) This case has been present on the Court's docket since October 2022.

### 12. Hourly Fees Awarded in Similar Cases

Plaintiff references a variety of cases for awards in actions of a similar nature in Arizona. (*Id.* at 5.) Each of these cases awarded hourly fees lower than those currently

requested by Counsel.

### 13. Other Matters

Plaintiff requests $2,000.00 for anticipated costs of collection efforts for the default judgment and the award of attorneys' fees. Plaintiff asserts that this amount is reasonable because both Plaintiff and Counsel will likely incur additional costs collecting their awards. (*Id.* at 14.) Plaintiff cites cases where this Court found $2,000 to be a reasonable estimate of the costs involved in the collection of a judgment and attorneys' fees from defaulted defendants under similar circumstances. (*Id.* (citing *Wade v. Shri Hari Hotels LLC*, No. CV-22-00756-PHX-SPL, Doc. 20, at p.4 (D. Ariz. Aug. 24, 2022); *Wade v. Legacy Inn & Suites LLC*, No. CV-22-00560-JJT, Doc. 33, at p.3 (D. Ariz. Jan. 19, 2023); *Garcia v. Pindernation Holdings LLC*, No. CV-23-00001-SRB, Doc. 13, at p.1 (D. Ariz. Mar. 30, 2023).) The Court also finds the requested amount reasonable.

On balance, the *Kerr* factors show that, subject to some reductions, Plaintiff's request is reasonable. Thus, the Court awards $11,514.00 in Plaintiff attorneys' fees, $561.00 in costs, and $2,000 in fees for anticipated collection efforts. In total, the Court awards Plaintiff a sum of $14,075.00.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** granting Plaintiff's motion for attorneys' fees (Doc. 34).

**IT IS FURTHER ORDERED** that Defendants Ryan Johnson and Lovena Johnson shall pay, jointly and severally, $14,075.00 in attorneys' fees within thirty (30) days from the date of this order.

**IT IS FURTHER ORDERED** that Plaintiff shall file a notice of satisfaction within seven (7) days of receipt of the full amount of attorneys' fees as contemplated by this Order.

Dated this 26th day of June, 2023.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge